**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RITA NOLAN, Administrator for the Estate of<br>Kenneth Nolan, Deceased<br>340 E. Adam Street<br>Greenview, IL 62642 | )<br>)<br>)<br>)<br>) | Case No.<br><br>Judge |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT** |
| CLARK COUNTY BOARD OF COUNTY<br>COMMISSIONERS<br>c/o Daniel Driscoll, Clark County Prosecuting<br>Attorney<br>50 E. Columbia St., Suite 449<br>Springfield, OH 45502 | )<br>)<br>)<br>)<br>)<br>) | Dennis E. Murray, Jr. (0038509)<br>dmj@murrayandmurray.com<br>Charles M. Murray (0052083)<br>cmm@murrayandmurray.com<br>Joseph A. Galea (0089550) |
| and | )<br>) | jag@murrayandmurray.com<br>MURRAY & MURRAY CO., LPA |
| COMMISSIONER MELANIE FLAX WILT, in her<br>official capacity<br>c/o Daniel Driscoll, Clark County Prosecuting<br>Attorney<br>50 E. Columbia St., Suite 449<br>Springfield, OH 45502 | )<br>)<br>)<br>)<br>)<br>) | 111 East Shoreline Drive<br>Sandusky, Ohio 44870<br>Telephone: (419) 624-3127<br>Fax: (419) 624-0707 |
| and | )<br>) | |
| COMMISSIONER LOWELL R. McGLOTHIN, in<br>his official capacity<br>c/o Daniel Driscoll, Clark County Prosecuting<br>Attorney<br>50 E. Columbia St., Suite 449<br>Springfield, OH 45502 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>)<br>) | |

COMMISSIONER RICHARD L. LOHNES, in his )
official capacity )
c/o Daniel Driscoll, Clark County Prosecuting )
Attorney )
50 E. Columbia St., Suite 449 )
Springfield, OH 45502 )
)
     and )
)
CLARK COUNTY SHERIFF DEBORAH K. )
BURCHETT )
120 N. Fountain Ave. )
Springfield, OH 45502 )
)
     and )
)
DEPUTY BRANDEN McDUFFIE )
4254 Imperial DriveSpringfield, OH 45503 )
)
     and )
)
JOHN OR JANE DOES )
c/o Daniel Driscoll, Clark County Prosecuting )
Attorney )
50 E. Columbia St., Suite 449 )
Springfield, OH 45502 )
)
     and )
)
JANETTE BALLARD )
Registered Nurse )
6955 Dalewood Drive )
Middletown, OH 45042 )
)
     and )
)
ESTATE OF DR. JOSEPH SMITH )
Physician )
c/o Paul J. Kavanagh )
Cole Acton Harmon Dunn )
PO Box 1687 )
Springfield, OH 45501 )
)
     Defendants. )
)
_____ )

2

Now comes the Plaintiff and for her Complaint states as follows:

## **PARTIES**

1.      The Plaintiff, Rita Nolan, was appointed the Administrator of the Estate of Kenneth Nolan by the Circuit Court of The Eighth Judicial Circuit of Menard County, Illinois on November 10, 2021.

2.      Plaintiff Rita Nolan is the surviving spouse of the decedent, Kenneth Nolan. She brings this action on her own behalf, the next-of-kin of the decedent, and the Estate.

3.      Defendant Clark County Board of County Commissioners is the legislative arm of Clark County, Ohio, a political subdivision of the state of Ohio. Defendant Clark County Board of County Commissioners contracted with Defendants Janette Ballard and Dr. Joseph Smith to provide medical care to inmates at the Clark County Jail. Defendant Clark County Board of County Commissioners funds and, upon information and belief, has oversight over the Clark County Jail.

4.      Defendants Commissioners Melanie Flax Wilt, Lowell R. McGlothin, and Richard L. Lohnes are sued in their official capacities as members of the Clark County Board of County Commissioners to ensure that all proper parties are joined to this Complaint.

5.      Defendant Clark County Sheriff Deborah K. Burchett is the Sheriff of Clark County and the chief person responsible for administration of the Clark County Jail.

6.      For purposes of this Complaint, Defendants Clark County Board of Commissioners, Commissioners Flax Wilt, McGlothin, Lohnes, and Sheriff Burchett are referred to collectively as "Defendant Clark County".

7.      Defendant Deputy Branden McDuffie is a deputy sheriff employed by Defendant Clark County.

8.     Defendants John or Jane Does are deputy sheriffs or corrections officers employed by Defendant Clark County.

9.     At all times relevant to this Complaint, Defendant Janette Ballard was a nurse and employee of Defendant Clark County acting within the scope of employment responsible for checking to confirm deputies are following protocol when booking people into the jail and that patients in the custody of the Clark County Jail are physically and emotionally stable as the jail receives and retains them according to protocols.

10.     Defendant Estate of Dr. Joseph Smith is named because its decedent, Dr. Joseph Smith, died after the events relevant to this Complaint but before this action was initiated.

11.     At all times relevant to this Complaint, the Estate's decedent Dr. Joseph Smith was a physician and employee or agent of Defendant Clark County acting within the scope of employment responsible for establishing and maintaining protocols, supervision and training Defendant Janette Ballard and deputies, as well as confirming that Defendant Janette Ballard and Deputies were trained, qualified and capable. For ease of reference, Defendant Estate of Dr. Joseph Smith is simply referred to as "Defendant Dr. Joseph Smith" throughout this Complaint.

## JURISDICTION

12.     Jurisdiction is proper in this Court because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

13.     Venue is proper in this Court because the events giving rise to this Complaint occurred in Clark County, Ohio.

4

## FACTS

14.     On November 20, 2019, a witness observed a commercial truck, whose driver seemed to be driving erratically. Upon information and belief, the witness viewed the operation of the truck as a safety risk and contacted patrol officers.

15.     On November 20, 2019, Kenneth R. Nolan ("Kenneth"), 64 years of age, was operating a 2015 Blue Volvo Truck in a parking lot near the intersection of South Belmont Avenue and Sheridan Avenue in Springfield, Ohio.

16.     Kenneth backed into a parking lot or alley located to the south of Sheridan Avenue in an attempt to turn his truck around.

17.     The parking lot or driveway Kenneth attempted to drive  into was too small for his truck, so when he attempted t the maneuver his vehicle struck a fence.

18.     Upon information and belief, sometime before Kenneth maneuvered  his truck and hit a fence, he began to feel mental confusion and disorientation, due to the onset of a sepsis.

19.     Upon information and belief, confused and disoriented, after striking the fence, Kenneth pulled his truck forward, and made a right turn to travel southbound on South Burnett Road.

20.     As Kenneth drove his vehicle, he was stopped by Springfield Police Department Officers ("Officers").

21.     After Officers activated their overhead lights and sirens, Kenneth pulled over his vehicle just south of the Wagon Wheel Bar at 1005 South Burnett Road, Springfield, Ohio.

22.     After approaching the vehicle, Officers requested Kenneth step out of the vehicle and asked him to produce his driver's license and registration for his truck.

5

23. As Kenneth reached into the truck to pull out a zip up folder, Officers noticed that "he appeared uneasy on his feet and his speech was slowed", according to their report.

24. Kenneth's license was not in the folder and he had to return to his truck to retrieve it.

25. Officers questioned Kenneth about whether he had hit anything in the truck, and Kenneth informed the officers that he thinks he may have hit something, or that he probably did. Again, officers noted that "Mr. Nolan's speech was slow and he had many pauses."

26. Officers then searched the truck, and questioned Kenneth further.

27. Mr. Nolan was cooperative at all time with the Officers.

28. Kenneth informed the officers that he had not consumed alcohol or drugs that would make him intoxicated.

29. Officers then performed field sobriety tests on Kenneth; the only test administered was the Horizontal Gaze Nystagmus test.

30. Officers noted that they "didn't observe any resting nystagmus and his pupil size were the same."

31. No other sobriety tests were administered on Kenneth.

32. Kenneth neither failed nor passed as he was incapable of completing the test because "Mr. Nolan was not able to focus on Officer Lykins' pen." Mr. Nolan was placed into custody for suspicion of operating a commercial vehicle under the influence of alcohol or drugs.

33. At Springfield Police Department headquarters, Kenneth gave the officers a voluntary urine sample, and the sample was sent to Miami Valley Regional Crime Lab for chemical analysis.

34.     While Kenneth was at the Springfield Police Department, no breathalyzer or portable breath tester was used to determine if he was impaired by alcohol.

35.     Later the same night, Kenneth Nolan was booked into the Clark County Jail.

36.     An inmate medical screening was performed at 10:11pm on Kenneth. Defendant Clark County Deputy Branden McDuffie performed the medical screening and noted that Kenneth did not appear to be under the influence of drugs or alcohol. No temperature was recorded.

37.     At some point during the booking process, Clark County jail personnel, including Defendants John or Jane Does, made a phone call to Plaintiff Rita Nolan to ask if Kenneth had any medical conditions.

38.     Rita Nolan conveyed that she was not aware of medical conditions, and when Kenneth left for Ohio that same morning Kenneth appeared fine.

39.     Upon information or belief, despite whatever concern prompted this call on November 20th, 2019, Kenneth was left in a jail cell overnight while the critical window to intervene to stop his infection was ticking.

40.     Kenneth's arraignment date was the following morning on November 21, 2019 at 9:00am. He was held in custody and transported to the courthouse for arraignment by Clark County deputies.

41.     At the court arraignment, upon information and belief, Mr. Nolan had difficulty walking and fell.

42.     Kenneth was held in the jail where other inmates reported to Nurse Ballard that he "was trembling all over then passed out or had a seizure. He reportedly leaned against the wall and slid down." He had an injury to his elbow when Nurse Ballard came to asses him. Again

7

Mr. Nolan denied use or withdrawal from drugs or alcohol. Nurse Ballard saw Mr. Nolan in the cell area and left Mr. Nolan in the general population of the jail.

43. An incomplete set of vitals were taken but his blood pressure was elevated, his heart rate extremely elevated at 130 beats per minute, and his skin was warm. No temperature was recorded.

44. Nurse Ballard reported that she planned to monitor closely and review the information with Dr. Smith.

45. After being returned to the jail, Mr. Nolan was noted to have an even faster heart rate of 141 beats per minute, his gait was unsteady and he was unable to sit by himself. Despite his denial of use of or withdrawal from alcohol or drugs, and the absence of any supporting basis such as dilated pupils or the smell of alcohol, Nurse Ballard administered 100 mg of Librium. This medication is approved for treatment of withdrawal effects from alcohol.

46. Mr. Nolan was trembling all over his body, and passed out and suffered seizures.

47. Mr. Nolan collapsed and passed out with a dangerously high fever.

48. The dangerously high fever of 106 degrees was eventually discovered by medical personnel and Mr. Nolan was transported to Springfield Regional Medical Center.

49. Mr. Nolan was admitted to the intensive care unit for treatment.

50. Mr. Nolan's care team at Springfield Regional Hospital had difficulty maintaining a normal temperature for Kenneth.

51. The doctors discovered Kenneth had a very serious infection, and administered strong doses of antibiotics to bring down the level of infection. After a day or days in the hospital, the care team pinpointed the source of the infection to be Kenneth's heart. He was

diagnosed with a condition referred to as endocarditis and sepsis, and the bacterium was identified as MSSA.

52.     After attempting treatment, the medical care team decided Kenneth should be transported to the Ohio State University Medical Center in Columbus, Ohio to see a specialist in cardiac care.

53.     Kenneth succumbed to the effects of the untreated heart infection and passed away while in the hospital on November 29th, 2019.

54.     Plaintiff hereby attaches and incorporates by reference in this Complaint the affidavits of merit of Dr. Jeffrey Keller, MD, and Debra Jezard, RN, in compliance with Ohio Civil Rule 10 and the Ohio Revised Code. Dr. Keller's affidavit is attached as **Exhibit 1** and Nurse Jezard's affidavit is attached as **Exhibit 2**. Both Dr. Keller and Nurse Jezard certify by affidavit that they believe a departure from the standard of care by Defendants was committed and caused the death of Plaintiff's decedent, Kenneth.

## <u>COUNT I</u>
## <u>WRONGFUL DEATH AGAINST ALL DEFENDANTS</u>

55.     Plaintiff realleges and incorporates the prior allegations as if fully rewritten herein.

56.     On or about November 20th, 2019, Defendant Clark County through its employees and/or agents took Kenneth R. Nolan into custody.

57.     Defendant Clark County had a duty to keep Kenneth safe and protect him from harm while he was in custody.

58.     Defendants Dr. Joseph Smith and Janette Ballard had a duty to provide safe medical care to Kenneth while he was in custody.

59.    Defendant Dr. Joseph Smith had a duty to provide adequate supervision and training to nurses employed by Defendant Clark County.

60.    Defendant Janette Ballard was responsible for caring for Mr. Nolan and had a duty to confirm the physical and emotional stability of Kenneth when the Jail received him into custody.

61.    Defendant Deputy Sheriff Branden McDuffie was previously sworn to serve and protect the community and had a duty to follow the protocol for admission of people who were detained to the Clark County jail.

62.    Defendants John or Jane Does are deputy sheriffs or Ohio peace officers who were sworn to serve and protect the community and had a duty to follow jail procedures and protocols for oversight and treatment of persons detailed to the Clark County jail.

63.    Defendants Dr. Joseph Smith and Janette Ballard were willful, wanton, reckless, and/or negligent in their care and treatment of Kenneth.

64.    Defendant Clark County, by and through its employees, was willful, wanton, reckless and/or negligent in the care and treatment of Kenneth.

65.    As a direct and proximate result of the willfulness, wantonness, recklessness, and/or negligence of all Defendants, Kenneth Nolan died on November 29, 2019.

66.    Defendant Clark County itself or through its employees failed to properly provide medical services and failed to take appropriate measures at a time when such medical care, treatment, and attention was required to save Kenneth's life.

67.    Defendant Clark County was wanton, willful, reckless and/or negligent in failing to employ individuals who could and would treat Kenneth in accordance with accepted practices of hospitals and physicians.

68.     Defendant Clark County failed to establish appropriate standards for physicians and other employees, and/or failed to evaluate the care and performance of physicians, medical personnel and other employees who were responsible for care of detainees at its facilities.

69.     As a direct and proximate result of the wantonness, willfulness, recklessness, and/or negligence of all Defendants, Kenneth's heirs have suffered the damages described above.

70.     Pursuant to Ohio Revised Code 2315.18 and the Ohio Constitution, Ohio statutory damages caps are not applicable to this action sounding in wrongful death.

71.     Plaintiff has had the medical records reasonably available and provided to her by Defendants reviewed by a physician and a nurse who are competent and qualified to render opinions in this matter, and their affidavits are attached and incorporated here for reference.

WHEREFORE, Rita Nolan respectfully prays for and requests a judgment, for joint and severable liability, for damages against the defendants in an amount which exceeds $75,000.00 and which fully and fairly compensates the estate, heirs and all injured parties for all damages allowed at law including the cost of this action, interest and any other relief which the court deems fair and equitable.

Respectfully submitted,

*/s/Dennis E. Murray*
Dennis E. Murray, Jr.  (0038509)
dmj@murrayandmurray.com
Charles M. Murray (0052083)
cmm@murrayandmurray.com
Joseph A. Galea (0089550)
jag@murrayandmurray.com
MURRAY & MURRAY CO., LPA
111 East Shoreline Drive
Sandusky, Ohio  44870
Telephone:(419) 624-3127
Fax:        (419) 624-0707
Attorneys for Plaintiff

11

## JURY DEMAND

Plaintiff hereby requests trial by jury in this action.


## PRECIPE TO THE CLERK

Please serve a copy of this Complaint on all Defendants by certified mail.


*/s/Dennis E. Murray*
Dennis E. Murray, Jr. (0038509)
dmj@murrayandmurray.com
MURRAY & MURRAY CO., LPA